IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:07-CR-43-D-1
No. 7:12-CV-1-D

| | |
|---|---|
| ANTWANE JAMALE JOHNSON, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

On January 3, 2012, Antwane Jamale Johnson ("Johnson") filed a motion to vacate, set aside, or correct his sentence, pursuant to 28 U.S.C. § 2255 [D.E. 51]. On October 17, 2012, Johnson filed a motion for a reduced sentence under 18 U.S.C. § 3582 [D.E. 56]. On January 28, 2013, the government filed a motion to dismiss Johnson's section 2255 motion [D.E. 62]. As explained below, the court grants Johnson's section 2255 motion as to count one, grants the government's motion to dismiss as to count two, and denies Johnson's section 3582 motion.

On April 4, 2007, Johnson pleaded guilty, pursuant to a written plea agreement, to a two-count criminal information that charged him with possession of a firearm as a felon, in violation of 18 U.S.C. § 922(g) (count one), and possession with the intent to distribute more than fifty grams of cocaine base (crack), in violation of 21 U.S.C. § 841(a)(1) (count two) [D.E. 6, 11–12]. On October 25, 2007, the court held a sentencing hearing and calculated Johnson's advisory guideline range to be 120 months on count one and 262 to 327 months on count two. See [D.E. 53] 1. The court granted the government's motion for a downward departure under U.S.S.G. § 5K1.1 and 18 U.S.C. § 3553(e), and sentenced Johnson to 120 months' imprisonment on count one and 156

months' imprisonment on count two to be served concurrently [D.E. 35–37]. Johnson did not file an appeal. Thus, his conviction became final in 2007. See Fed. R. App. P. 4(b)(1)(A); Clay v. United States, 537 U.S. 522, 527–28, 532 (2003).

As for count one, the government acknowledges that Johnson's conviction in count one is invalid in light of United States v. Simmons, 649 F.3d 237 (4th Cir. 2011) (en banc). See [D.E. 63] 11. After reviewing the record in connection with count one, the court grants Johnson's motion as to count one and vacates his conviction on count one.

As for count two, the government asserts all procedural defenses, including the statute of limitations and Johnson's waiver of appellate and section 2255 rights in his plea agreement. See [D.E. 63] 3–13.[1] The court now addresses these arguments as to count two.

Johnson's section 2255 motion is untimely under 28 U.S.C. § 2255(f)(1). See United States v. Mathur, 685 F.3d 396, 397–98 (4th Cir. 2012). Likewise, the motion is untimely under 28 U.S.C. § 2255(f)(3). See United States v. Powell, 691 F.3d 554, 556–60 (4th Cir. 2012). Furthermore, the motion is untimely under 28 U.S.C. § 2255(f)(4). See United States v. MacDonald, 641 F.3d 596, 610 n.7 (4th Cir. 2011); Lo v. Endicott, 506 F.3d 572, 575–76 (7th Cir. 2007); E.J.R.E. v. United States, 453 F.3d 1094, 1097–98 (8th Cir. 2006); see also Walker v. Martin, 131 S. Ct. 1120, 1129 (2011); Johnson v. United States, 544 U.S. 295, 308–09 (2005); Shannon v. Newland, 410 F.3d 1083, 1087–89 (9th Cir. 2005). Nothing in the record suggests that equitable tolling should apply.

---

[1] On count two, Johnson initially was subject to an enhanced penalty under 21 U.S.C. § 851 of a twenty-year minimum sentence. The government now concedes that, if Simmons applies retroactively, the section 851 enhancement would be invalid. See [D.E. 63] 10. However, based on the government's motion under 18 U.S.C. § 3553(e) at sentencing, the court sentenced Johnson well below the then-applicable mandatory minimum. Thus, on count two, even if the court applies Simmons retroactively to invalidate the section 851 enhancement, Simmons has no effect on Johnson's sentence on count two.

2

Cf. Holland v. Florida, 130 S. Ct. 2549, 2562–64 (2010); Irwin v. Dep't of Veterans Affairs, 498 U.S. 89, 95–96 (1990); Rouse v. Lee, 339 F.3d 238, 246–47 (4th Cir. 2003) (en banc); Chao v. Va. Dep't of Transp., 291 F.3d 276, 283 (4th Cir. 2002).

Although Johnson argues that after Simmons he is no longer a career offender, see [D.E. 53] 3–4, the alleged error in calculating Johnson's advisory guideline range is not prejudicial or a miscarriage of justice. Simply put, the alleged error cannot surmount section 2255's procedural bar where (as here) Johnson received a sentence less than the statutory maximum. See 28 U.S.C. § 2255(a); United States v. Pregent, 190 F.3d 279, 283–84 (4th Cir. 1999); United States v. Mikalajunas, 186 F.3d 490, 495–96 (4th Cir. 1999). Accordingly, the court dismisses Johnson's section 2255 motion as to count two as untimely.

Alternatively, the government asks the court to enforce the appellate waiver in Johnson's plea agreement as to count two. In his plea agreement, Johnson agreed:

> [t]o waive knowingly and expressly the right to appeal whatever sentence is imposed on any grounds, including any issues that relate to the establishment of the advisory Guideline range, reserving only the right to appeal from a sentence in excess of the advisory Guideline range that is established at sentencing, and further to waive all rights to contest the conviction or sentence in any post-conviction proceeding, including one pursuant to 28 U.S.C. § 2255, excepting an appeal or motion based upon grounds of ineffective assistance of counsel or prosecutorial misconduct not known to the defendant at the time of the defendant's guilty plea.

[D.E. 12] ¶ 2(c).

Before considering the effect of Johnson's appellate waiver, the court first ensures that the waiver was valid. To be valid, the appellate waiver must have been knowing, intelligent, and voluntary. See, e.g., United States v. Thornsbury, 670 F.3d 532, 537 (4th Cir. 2012); United States v. Blick, 408 F.3d 162, 169 (4th Cir. 2005). "Generally, if a district court questions a defendant regarding the waiver of appellate rights during the Rule 11 colloquy and the record indicates that the

3

defendant understood the full significance of the waiver, the waiver is valid." Thornsbury, 670 F.3d at 537; see United States v. Copeland, 707 F.3d 522, 528 (4th Cir. 2013). Here, the record of Johnson's Rule 11 colloquy reflects that Johnson had discussed the entire agreement with his attorney, that Johnson understood each term in the agreement, and that he knowingly and intelligently entered into the agreement. See [D.E. 65] 15–27. The court specifically read aloud the entire appellate waiver and confirmed that Johnson understood the appellate and other rights he was waiving. Id. 21–24. The court may rely on Johnson's sworn statements made during the Rule 11 colloquy to conclude that Johnson made the waiver knowingly and voluntarily. United States v. Lemaster, 403 F.3d 216, 221–22 (4th Cir. 2005). Thus, Johnson's waiver was valid.

As for the scope of the waiver, Johnson waived his right "to appeal whatever sentence is imposed on any grounds, including any issues that relate to the establishment of the advisory Guideline range." [D.E. 12] ¶ 2(c). Johnson only reserved his "right to appeal from a sentence in excess of the advisory Guideline range that is established at sentencing." Id. The appellate waiver applied to direct appeals of his sentence and to post-conviction proceedings pursuant to section 2255. Id.; see Lemaster, 403 F.3d at 220. Johnson received a sentence of 156 months' imprisonment on count two, which was well below the advisory guideline range calculated at sentencing.

With respect to Simmons's application to count two, Johnson's section 2255 motion attacks the establishment of the advisory guideline range and therefore falls within the appellate waiver in his plea agreement. See, e.g., [D.E. 12] ¶ 2(c); Thornsbury, 670 F.3d at 538–40; United States v. Cohen, 459 F.3d 490, 495–96 (4th Cir. 2006); Blick, 408 F.3d at 172–73. Johnson "cannot invalidate his appeal waiver now to claim the benefit of subsequently issued case law." Copeland, 707 F.3d at 529. Thus, the court enforces the appellate waiver and dismisses Johnson's section 2255 motion as to count two.

4

Alternatively, as mentioned, Johnson's claim of error in calculating his advisory guideline range on count two does not constitute prejudice or a miscarriage of justice sufficient to surmount the procedural bar of section 2255. The sentence imposed did not exceed the statutory maximum. See, e.g., 28 U.S.C. § 2255(a); Pregent, 190 F.3d at 283–84; Mikalajunas, 186 F.3d at 496.

As for Johnson's section 3582(c)(2) motion, Johnson relies on Amendments 750 and 759 to the Guidelines. See [D.E. 56] 1. The U.S. Sentencing Commission promulgated Amendment 750 to implement the FSA. See United States Sentencing Commission, Guidelines Manual, App. C, Amend. 750 (Nov. 2011) (effective Nov. 1, 2011). The three-part amendment (A, B & C) repromulgated as permanent the temporary emergency amendment in Amendment 748. See id. On June 30, 2011, the Commission promulgated Amendment 759, which added Parts A and C of Amendment 750 as amendments listed in U.S.S.G. § 1B1.10 (Reduction in Term of Imprisonment as a Result of an Amended Guideline Range) (Policy Statement). See United States Sentencing Commission, Guidelines Manual, App. C, Amend. 759 (Nov. 2011) (effective Nov. 1, 2011). When applicable, Parts A and C of Amendment 750 apply retroactively. See id. Part A contained the changes to the crack cocaine quantity levels in the Drug Quantity Table in U.S.S.G. § 2D1.1. See Amend. 750. Part C deleted the cross reference in U.S.S.G. § 2D2.1 to the Drug Quantity Table to reflect the elimination of the statutory minimum for simple possession of crack cocaine. See id. The Commission made Amendments 750 and 759 effective on November 1, 2011.

Johnson's request for relief under section 3582(c)(2) and Amendments 750 and 759 fails because Johnson's drug weight did not determine his advisory guideline range. Rather, his status as a career offender did. As such, he is not "a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. [§] 994(o)." 18 U.S.C. § 3582(c)(2). Thus, he gets no relief

5

under Amendments 750 and 759. See Dillon v. United States, 130 S. Ct. 2683, 2691 (2010); United States v. Ervin, No. 13-6354, 2013 WL 3616035, at *1 (4th Cir. July 16, 2013) (per curiam) (unpublished); United States v. Barnes, No. 13-6681, 2013 WL 2996544, at *1 (4th Cir. June 18, 2013) (per curiam) (unpublished); United States v. Staton, No. 12-8101, 2013 WL 2480216, at *1 (4th Cir. June 11, 2013) (per curiam) (unpublished); United States v. Lewis, No. 13-6227, 2013 WL 1800396, at *1 (4th Cir. Apr. 30, 2013) (per curiam) (unpublished); United States v. Rogers, No. 12-4053, 2013 WL 518609, at *2 (3d Cir. Feb. 13, 2013) (per curiam) (unpublished); United States v. Lawson, 686 F.3d 1317, 1321 (11th Cir. 2012) (per curiam); United States v. Rashaad, No. 3:01cr195, 2012 WL 4758271, at *2 (W.D.N.C. Oct. 5, 2012) (unpublished), aff'd, 512 F. App'x 294 (4th Cir. 2013) (per curiam) (unpublished); United States v. Quarles, 889 F. Supp. 2d 783, 787–88 (E.D. Va. 2012); see also United States v. Mateo, 560 F.3d 152, 154–55 (3d Cir. 2009); United States v. Anderson, 591 F.3d 789, 791 (5th Cir. 2009) (per curiam); United States v. Broadwater, 613 F. Supp. 2d 740, 742–45 (E.D.N.C. 2009).

Alternatively, even if the court has discretion to reduce Johnson's sentence under section 3582(c)(2) and Amendments 750 and 759, the court would decline to exercise its discretion to reduce Johnson's sentence. See, e.g., United States v. Perez, No. 13-6750, 2013 WL 3889216, at *1 (4th Cir. July 30, 2013) (per curiam) (unpublished). Having reviewed the entire record, Johnson received the sentence on count two that was sufficient but not greater than necessary under 18 U.S.C. § 3553(a). See id.

After reviewing the claims presented in the habeas petition in light of the applicable standard, the court determines that reasonable jurists would not find the court's treatment of any of Johnson's claims debatable or wrong, and none of the issues are adequate to deserve encouragement to proceed further. See 28 U.S.C. § 2253(c). Thus, the court denies a certificate of appealability.

6

In sum, the court GRANTS IN PART and DISMISSES IN PART Johnson's section 2255 motion [D.E. 51]. To the extent Johnson seeks relief under section 2255 as to count one, the motion is GRANTED and Johnson's conviction on count one is VACATED. To the extent Johnson seeks relief under section 2255 as to count two, the court GRANTS the government's motion to dismiss [D.E. 62], and DISMISSES Johnson's claim for relief on count two. The court DENIES a certificate of appealability for the claims presented in the section 2255 motion. The court DENIES Johnson's motion for a reduced sentence under section 3582(c)(2) [D.E. 56]. The clerk shall close the case.

SO ORDERED. This 14 day of August 2013.

JAMES C. DEVER III
Chief United States District Judge