IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:07-CR-43-D

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| ANTWANE JAMALE JOHNSON, ) | |
| ) | |
| Defendant. ) | |

On April 24, 2007, Antwane Jamale Johnson ("Johnson" or "defendant") pleaded guilty, pursuant to a written plea agreement, to a two-count criminal information charging possession of a firearm by a felon, in violation of 18 U.S.C. § 922(g) ("count one"), and possession with intent to distribute more than 50 grams of cocaine base (crack), in violation of 21 U.S.C. § 841(a)(1) ("count two") [D.E. 6, 11–12]. On the same day, the government filed notice, pursuant to 21 U.S.C. § 851, to enhance Johnson's statutory range of imprisonment on count two [D.E. 10]. On October 25, 2007, the court, after granting the government's motion for downward departure pursuant to U.S.S.G. § 5K1.1 and 18 U.S.C. § 3553(e), sentenced Johnson to 120 months' imprisonment on count one and 156 months' imprisonment on count two to run concurrently [D.E. 35–37].

On January 3, 2012, Johnson moved, under 28 U.S.C. § 2255, to vacate, set aside, or correct his sentence. See [D.E. 51]; cf. United States v. Simmons, 649 F.3d 237 (4th Cir. 2011) (en banc). On August 14, 2013, the court granted Johnson's motion in part [D.E. 66]. The court vacated Johnson's conviction on count one in light of Simmons and denied Johnson's motion concerning his status as a career offender, leaving his 156-month sentence on count two unchanged. Id. The court also noted that, because of the government's section 5K1.1 motion, the court sentenced Johnson "well below the then-applicable mandatory minimum" and concluded that "Simmons has no effect

on Johnson's sentence on count two." [D.E. 66] 2 n.1.

On June 8, 2018, Johnson moved to vacate his sentence on count two pursuant to 28 U.S.C. § 2241 [D.E. 82] and filed a memorandum in support [D.E. 83]. On August 29, 2018, the government responded in opposition [D.E. 89]. As explained below, the court dismisses Johnson's motion.

Generally, "petitions under 28 U.S.C. § 2255 are the exclusive remedy for testing the validity of federal judgments and sentences." Blow v. Stansberry, No. 2:08CV426, 2008 WL 7703018, at *1 (E.D. Va. Oct. 16, 2008) (unpublished); see, e.g., United States v. Wheeler, 886 F.3d 415, 426 (4th Cir. 2018); Rice v. Rivera, 617 F.3d 802, 807 (4th Cir. 2010) (per curiam); In re Jones, 226 F.3d 328, 332–33 (4th Cir. 2000); In re Vial, 115 F.3d 1192, 1194 (4th Cir. 1997) (en banc); Makwa v. Saad, No. 2:18-CV-54, 2018 WL 3233339, at *2 (N.D. W. Va. July 2, 2018) (unpublished). The savings clause of section 2255 provides an exception to the general rule. See 28 U.S.C. § 2255(e). If a federal prisoner can show that the remedy provided by section 2255 is "inadequate or ineffective to test the legality of his detention," id., then the prisoner may file a petition under 28 U.S.C. § 2241. See Wheeler, 886 F.3d at 428–29; Rice, 617 F.3d at 807; In re Jones, 226 F.3d at 333. Section 2255 is inadequate or ineffective to test the legality of a sentence when:

> (1) at the time of sentencing, settled law of [the Fourth] circuit or the Supreme Court established the legality of the sentence; (2) subsequent to the prisoner's direct appeal and first [section] 2255 motion, the aforementioned settled substantive law changed and was deemed to apply retroactively on collateral review; (3) the prisoner is unable to meet the gatekeeping provisions of [section] 2255(h)(2) for second or successive motions; and (4) due to this retroactive change, the sentence now presents an error sufficiently grave to be deemed a fundamental defect.

Wheeler, 886 F.3d at 429; cf. Rice, 617 F.3d at 807; In re Jones, 226 F.3d at 333–34.

In his section 2241 petition, Johnson argues that he should be resentenced because the predicate offense for the government's 21 U.S.C. § 851 enhancement "is no longer considered a

2

felony offense under Simmons." [D.E. 82] 5. Johnson cannot satisfy the new savings clause test articulated in Wheeler. First, Johnson cannot show that, after his first section 2255 motion, settled substantive law changed and was deemed to apply retroactively on collateral review. Johnson raised the Simmons argument in his first section 2255 motion. See [D.E. 51] 12; [D.E. 52] 2-4. Johnson cites no other substantive law in his petition. See [D.E. 81-82]; cf. Makwa, 2018 WL 3233339, at *3. Because Johnson raised Simmons in his first petition, the law did not change after his petition. Therefore, Johnson cannot satisfy the second element of the Wheeler savings clause test. Alternatively, Johnson cannot show that his sentence presents an error sufficiently grave to be deemed a fundamental defect. Compare Wheeler, 886 F.3d at 430-33 (discussing the error presented by sentencing a defendant to a heightened mandatory minimum), with [D.E. 66] 2 n.1 (noting that "the court sentenced Johnson well below the then-applicable mandatory minimum"). Accordingly, Johnson's section 2241 petition does not satisfy the Wheeler savings clause test, and the court dismisses Johnson's section 2241 petition for lack of jurisdiction. See Rice, 617 F.3d at 807.

In sum, the court DISMISSES Johnson's motion to vacate his sentence under 28 U.S.C. § 2241 for lack of jurisdiction [D.E. 82] and DENIES a certificate of appealability. See 28 U.S.C. § 2253(c); Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003); Slack v. McDaniel, 529 U.S. 473, 483-84 (2000). The clerk shall close the case.

SO ORDERED. This 15 day of November 2018.

*/s/ Dever*
JAMES C. DEVER III
United States District Judge